**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Tipp,<br><br>        Plaintiff,<br><br>v.<br><br>AT&S America LLC,<br><br>        Defendant. | No. CV-19-02436-PHX-JJT<br><br>**ORDER** |

At issue is Defendant's Motion to Compel Arbitration and Stay Action (Doc. 10, Mot.). In Plaintiff's initial Response, Plaintiff argued that his Title VII claims were "wholly separate" from his Employment Agreement (the "Agreement"), which contained an arbitration clause. (Doc. 14, Resp. at 1.) Therefore, Plaintiff requested that the Court deny the Motion to Compel Arbitration. Defendant filed a Reply, asserting for the first time that issues of arbitrability must also be given to an arbitrator because the arbitration agreement states "[a]ny dispute . . . including whether the causes of action asserted are arbitrable, will be referred to and finally determined by arbitration in accordance with the Judicial Arbitration and Mediation Services ("JAMS") Streamlined Arbitration Rules and Procedures." (Doc. 17, Reply at 2.) Because this issue was first raised in Defendant's Reply, the Court requested a Sur-Reply from Plaintiff to address the issue of delegating the question of arbitrability to an arbitrator, which Plaintiff filed on September 11, 2019. (Doc. 19, Sur-Reply.) The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

## I. BACKGROUND

Plaintiff Christopher Tipp entered employment with Defendant AT&S America, LLC ("AT&S") on approximately September 1, 2015. Mr. Tipp was the Director of Business Development at AT&S, working in Arizona, until his termination on approximately December 31, 2017. Before beginning his employment, Mr. Tipp signed the Agreement with AT&S containing an arbitration clause, which stated:

> Any dispute, controversy or cause of action arising out of or relating to this Agreement, including the formation, interpretation, breach or termination thereof, including whether the causes of action asserted are arbitrable, will be referred to and finally determined by arbitration in accordance with the Judicial Arbitration and Mediation Service ("JAMS") Streamlines Arbitration Rules and Procedures.

(Mot., Ex. B at 10.)

Mr. Tipp filed a Complaint against AT&S in Maricopa County Superior Court on February 14, 2019. In the Complaint, Mr. Tipp alleged that AT&S intentionally discriminated against him because of his national origin, violating Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. On April 16, 2019, Defendant removed the action based on federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims—two violations of Title VII of the Civil Rights Act of 1964 and two violations of 42 U.S.C. § 1981—arise under the laws of the United States. Defendant now moves to compel arbitration of Plaintiff's claims, and the question of arbitrability itself, under the Agreement.

## II. ANALYSIS

To resolve a motion to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, a district court must determine (1) whether the parties entered into a valid agreement to arbitrate, and (2) whether the arbitration agreement encompasses the dispute at issue. *Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). If the district court finds that both elements are met, the FAA requires the court to enforce the arbitration agreement. *Id.*

Among the arguments raised by the parties for and against arbitration of Plaintiff's claims, Defendant raises the threshold issue of whether the Agreement contains a valid, enforceable delegation clause providing that any question as to the arbitrability of Plaintiff's claim must be resolved by an arbitrator. (Reply at 2-3.) In a contract, the parties can agree to delegate to an arbitrator any question as to the enforceability of an arbitration agreement, and thus the question of arbitrability itself can be arbitrated. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) ("The delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement. We have recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."). As a matter of contract law, delegation of arbitrability to an arbitrator must be clear and unmistakable. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *AT&T Techs. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986); *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011). The Court need not determine whether the moving party's assertion of arbitrability is "wholly groundless." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019).

Here, the arbitration agreement delegates "any dispute, controversy, or cause of action arising out of or relating to this Agreement . . . including whether the causes of action asserted are arbitrable" to arbitration according to JAMS Rules. (Mot., Ex. B at 10.) The language of the arbitration agreement itself clearly states that arbitrability must be decided by an arbitrator. The incorporation of the JAMS Rules is further evidence that the parties intended arbitrability be resolved by an arbitrator. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) ("[The] incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability."); *Oracle Am., Inc. v. Myriad Group A.G.*, 724 F.3d 1069, 1074-75 (9th Cir. 2013) (holding that the UNCITRAL Rules, like the AAA rules, delegate arbitrability to an arbitrator and, therefore, constitute clear and unmistakable evidence of the intent to arbitrate arbitrability). By including disputes over "whether the causes of action asserted are arbitrable" and

incorporating the JAMS Rules, the arbitration agreement clearly and unmistakably delegates such a dispute to arbitration under JAMS Rules.

Plaintiff argues that the language is not clear and unmistakable, contending that a separate clause in the Agreement contradicts the arbitration agreement. Section 14.5 of the Agreement states, "If any provision in this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions shall nevertheless continue . . . ." (Mot., Ex. B at 10.) Plaintiff argues that "the Agreement envisions courts of competent jurisdiction determining provisions of the agreements to be invalid, while at the same time requiring all items related to the Agreement to be arbitrated." (Sur-Reply at 2.) The Court disagrees. Simply because a court of competent jurisdiction can take an action in interpreting the contract does not mean that another tribunal cannot take the same action. Section 14.5 does not limit the Agreement to interpretation only by a court of competent jurisdiction. Therefore, Section 14.5 does not confuse the language delegating the question of arbitrability to an arbitrator in Section 14.2 of the Agreement.

The Court concludes that the delegation provision is enforceable. Issues regarding the arbitrability of Plaintiff's claims remain, which the parties have thoroughly briefed, including whether Plaintiff's Title VII claims fall within the scope of the arbitration agreement. But under Ninth Circuit precedent, the Court must give effect to the delegation provision and compel arbitration of the question of the arbitrability of Plaintiff's claims, including resolution of these remaining issues. The arbitrator will have the power to determine the enforceability of the arbitration agreement as applied to Plaintiff's claims pursuant to JAMS rules.

IT IS THEREFORE ORDERED granting Defendant's Motion to Compel Arbitration and Stay Action (Doc. 10) and compelling arbitration of the arbitrability of Plaintiff's claims and, as necessary, the claims.

IT IS FURTHER ORDERED staying these proceedings pending a decision by the arbitrator. The parties shall file a joint status report within one week of the arbitrator's decision or by March 20, 2020, whichever is sooner.

Dated this 23rd day of September, 2019.

*signature*

Honorable John J. Tuchi
United States District Judge